IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, *As Trustee of the Home Equity Mortgage Loan,* | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:10-CV-808-N |
| FELRAY THOMPKINS, *And all other occupants,* | § § § § | |
| Defendants. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to Special Order No. 3-251, this case was referred for pretrial management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions. Before the Court is *Plaintiff's Motion to Remand* (doc. 13), filed October 19, 2010. Based on the relevant filings, evidence, and applicable law, the motion should be **GRANTED**.

## I. BACKGROUND

On February 2, 2010, Deutsche Bank National Trust Co. ("Plaintiff") acquired real property located in Dallas, Texas, at a non-judicial foreclosure sale. On March 17, 2010, it filed a forcible detainer petition in a Justice of the Peace Court of Dallas County, Texas, seeking to evict former owner Felray Thompkins ("Defendant") and all other occupants from the property. Defendant received notice of suit on March 19, 2010. After a bench trial on March 29, 2010, the Justice of the Peace Court entered judgment for Plaintiff. On July 26, 2010, Defendant filed a *de novo* appeal in Dallas County Court at Law No. 5, and a hearing was scheduled for April 22, 2010.

On April 21, 2010, Defendant filed a notice of removal in the federal district court for the Northern District of Texas, claiming federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332. He alleged that there was complete diversity of citizenship between the parties and that the amount in controversy was $140,800.00, the fair market value of the real property at issue. On October 19, 2010, Plaintiff filed a motion to remand the case to state court. Defendant filed a response, and the motion is now ripe for consideration.

## II. ANALYSIS

Plaintiff moves to remand this case on grounds that the Court lacks subject-matter jurisdiction over this case.

Any civil action brought in state court may be removed to federal court if the district court has original jurisdiction over that action. 28 U.S.C. § 1441(a). A district court's original jurisdiction is of two types: federal question jurisdiction and diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. Federal question jurisdiction exists in all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Diversity jurisdiction exists in all civil actions where the amount in controversy exceeds $75,000.00 exclusive of interests and costs, and there is diversity of citizenship. 28 U.S.C. § 1332(a). "The removing party bears the burden of showing that federal question jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Further, "any doubt about the propriety of removal must be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).

**A. Federal Question Jurisdiction**

Plaintiff first argues that this lawsuit does not involve the federal question needed to establish

federal question jurisdiction. Federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's well-pleaded complaint. *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). A federal question exists when "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Singh v. Duan Morris LLP*, 538 F.3d 334, 337-38 (5th Cir. 2008). Under the second theory to establish federal question jurisdiction, a court must determine whether: "(1) resolving a federal issue is necessary to resolution of the state-law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities." *Id.* at 338.

Defendant argues that federal question jurisdiction exists because Plaintiff's complaint alleges a cause of action under 15 U.S.C. § 1681. A cause of action under § 1681 relates to the accuracy and fairness of credit reporting. *See* 15 U.S.C. § 1681. Here, the face of Plaintiff's well-pleaded complaint presents a post-foreclosure forcible detainer action seeking possession of the property at issue; it does not contain any allegations about credit reporting. Defendant has not met his burden to show that the complaint presents a federally-created cause of action or that the right to relief depends on the resolution of a substantial question of federal law. He has therefore failed to show that federal question jurisdiction exists over this case. *See Bank of N.Y. Trust Co. N.A. v. Olds*, 2008 WL 246942, at *2 (N.D. Tex. May 30, 2008) ( no federal question presented because the forcible detainer action filed by the bank arose solely under Texas law).

## B. Diversity Jurisdiction

Plaintiff next argues that the forcible detainer action seeks possession of property and not

money, and therefore the amount in controversy requirement for diversity jurisdiction has not been met. The amount-in-controversy threshold is a necessary ingredient of subject-matter jurisdiction and must be met before a federal court properly exercises diversity jurisdiction. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). The defendant, as the removing party, bears the burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000. *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993). The removing party may satisfy this burden by demonstrating that it is facially apparent from the petition that the claim likely exceeds $75,000.00, or by setting forth the facts in controversy that support a finding of the requisite amount. *Allen v. R & H Oil & gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

Defendant argues that the amount in controversy exceeds $75,000.00 because the real property at issue has a fair market value in excess of $140,800.00, according to the Dallas Central Appraisal District. While he correctly asserts that "the amount in controversy, in an action for relief, is the value of the right to be protected or the extent of the injury to be prevented," the case law he cites does not apply this rule in the context of a forcible detainer action seeking eviction from foreclosed property. *See Leininger v. Leininger*, 705 F.2d 727 (5th Cir.1983) (action to nullify and enjoin enforcement of a state court monetary judgment); *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250 (5th Cir. 1998) (dispute over insurance coverage); *Webb v. Investacorp, Inc.*, 89 F.3d 252 (5th Cir. 1996) (action to compel arbitration); *Ezon v. Cornwall Equities Ltd.*, 540 F.Supp. 885 (D.C. Tex. 1982) (forcible detainer action involving right of possession of leasehold).

Courts that have addressed the amount in controversy requirement in the context of a forcible detainer action involving foreclosed property have held that there is no amount in controversy when the sole issue raised by the forcible detainer complaint is the right of possession, and not title. *See*

*e.g. Deutsche Bank Nat'l Trust Co. v. Kramer*, 2010 WL 1278867, at *1 (D. Ariz. 2010); *Olds*, 2008 WL 2246942, at *2; *JP Morgan Chase Bank, N.A.v. Coleman*, 2007 WL 655629, at *2 (S.D. Tex. Feb. 27, 2007). Here, the only issue raised by the forcible detainer action is the right to possession. The action does not seek money damages, dispute the title to property, or seek any debt related to the property. Accordingly, the amount in controversy requirement for diversity jurisdiction has not been met, and there is no basis for the exercise of subject-matter jurisdiction.

### III. CONCLUSION

Plaintiff's motion to remand should be **GRANTED**, and the case should be remanded to Dallas County Court at Law No. 5.

**SO RECOMMENDED** on this 17th day of December, 2010.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE